IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANGELIA COURTNEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CASE NO. 15-345 |
| | § | |
| DASHMAN'S TRANSPORT, LLC, | § | |
| CIILTIRE EXPRESS, LLC, AND | § | |
| MAHAD ISSE EID, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL PETITION

Angelia Courtney, (hereinafter also referred to as "Plaintiff") file this her Plaintiff's Original Petition complaining of Dashman's Transport, LLC (hereinafter also referred to as "Dashman's"), Ciiltire Express, LLC (hereinafter also referred to as "Ciiltire"), and Mahad Isse Eid, and for causes of action show the following:

## I.

### DISCOVERY

1.1    In compliance with Rule 190 of the Texas Rules of Civil Procedure, Plaintiffs request discovery be conducted pursuant to Rule 190.4 (Level 3).

## II.

### PARTIES

2.1    Plaintiff Angelia Courtney is a resident of Burlington, Des Moines County, Iowa.

2.2     Defendant Dashman's Transport, LLC, as named or in its assumed or common name[1], is a limited liability corporation that is organized under the laws of the State of Michigan, that does business in the State of Texas, and that has its home office at 3409 S. Cedar Street, Lansing, Michigan 48901.  Under Texas Civil Practice & Remedies Code § 17.044, the Texas Secretary of State is the agent for service of process on this Defendant because (1) this Defendant is a foreign corporation that engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process and this proceeding arises out of business done in Texas to which this Defendant is a party and/or (2) this Defendant is required by statute to designate or maintain an agent for service of process and engages in business in Texas but has not maintained or designated a registered agent for service of process.

2.3     Defendant Ciiltire Express, LLC, as named or in its assumed or common name[2], is a limited liability corporation that is organized under the laws of the State of Michigan, that does business in the State of Texas, and that has its home office at 403 W. Frederick Avenue, Lansing, Michigan 48906.  Under Texas Civil Practice & Remedies Code § 17.044, the Texas Secretary of State is the agent for service of process on this Defendant because (1) this Defendant is a foreign corporation that engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process and this proceeding arises out of business done in Texas to which this Defendant is a

---

[1] Texas Rule of Civil Procedure 28.
[2] Texas Rule of Civil Procedure 28.

party and/or (2) this Defendant is required by statute to designate or maintain an agent for service of process and engages in business in Texas but has not maintained or designated a registered agent for service of process.

2.4     Defendant Mahad Isse Eid is an individual residing in Lansing, Michigan, and may be served with process at 3010 Grandell Avenue, Lansing, Michigan 48906.

## III.

## JURISDICTION AND VENUE

3.1     The Court has personal jurisdiction over the Defendants because each of the Defendants engaged in intentional, continuous, and systematic contact within the State of Texas.

3.2     Venue is proper in this Court because a substantial part of the events rise to the claim occurred in Oldham County, Texas, including the following:

- Defendant Mahad Isse Eid was operating an 18-wheeler in Oldham County, Texas that was involved in the collision in the state of Texas that forms the basis of this suit;

- Defendant Ciiltire's vehicle, an 18-wheeler tractor-trailer, was being operated in the State of Texas with the permission of Defendant Ciiltire, and was involved in the collision in the state of Texas that forms the basis of this suit;

- Defendant Dashman's was intentionally engaged in the business of transporting goods in the highways of the state of Texas when its employee was involved in the collision in the state of Texas that forms the basis of this suit; and

- The collision that forms the subject of this suit occurred in Oldham County, Texas.

## IV.

## FACTS

4.1    At approximately 11:40 p.m. on the night of December 21, 2013, Angelia Courtney was a passenger in a 2005 Mercury Mountaineer, which was towing a U-Haul trailer, and which was legally stopped in the outside lane of Highway I-10 West due to traffic blockage further ahead in the roadway.  While the Plaintiff's vehicle was sitting at a standstill on the highway, it was struck by a 2006 Freightliner Tractor Trailer owned by Defendant Ciiltire and being driven by Defendant Mahad Isse Eid, an employee of Dashman's, who was traveling west in the outside lane of I-10 West in Oldham County, Texas.   Defendant Mahad Isse Eid failed to control his speed, and was unable to stop without striking the Plaintiff's vehicle.   Immediately after the incident in question, Defendant Mahad Isse Eid refused to exit his vehicle until law enforcement convinced him to come out of his vehicle.

4.2     As a proximate result of the collision in question, Plaintiff Angelia Courtney sustained serious, permanent and disabling injuries; severe and excruciating conscious pain and suffering; and mental anguish.

## V.
## CAUSES OF ACTION AGAINST DEFENDANTS

5.1     Plaintiff alleges that Defendants were negligent and grossly negligent in one or more of the following manners:

   a.  Failing to keep a proper lookout;

   b.  Failing to drive in a safe and prudent manner;

   c.  Creating an unreasonably dangerous situation;

   d.  Failing to follow the traffic laws of the State of Texas;

   e.  Failure to properly train its drivers and employees;

   f.  Failure to establish an adequate safety program;

   g.  Failing to adequately supervise its drivers and employees;

   h.  Failure to properly qualify its drivers and employees;

   i.  Failure to establish adequate policies and/or adequately enforce policies for its drivers and employees; and

   j.  Negligently hiring, supervising and retaining Mahad Isse Eid who was an unqualified, incompetent, and careless driver and/or employee.

5.2     Defendant Mahad Isse Eid is alleged at all times of the events described in the petition to be an employee, agent, representative and/or servant of Defendants Dashman's and/or Ciiltire and Plaintiff invokes liability under the doctrine of *respondeat superior*.   Alternatively, Defendants Dashman's and/or

Ciiltire are responsible for the acts and omissions and/or *per se* negligent for the acts and omissions of Defendant Mahad Isse Eid.

5.3    Defendant Ciiltire negligent entrusted the tractor-trailer to Defendants Dashman's and Mahad Isse Eid.  Defendant Dashman's negligently entrusted the subject 18-wheeler and tractor-trailer to Defendant Mahad Isse Eid.

5.4    The negligent and/or omissions committed by the Defendants when viewed objectively from the standpoint of the actors at the time of their occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including the Plaintiff.  The Defendants' negligence therefore constitutes gross negligence.

5.5    Plaintiff alleges that Defendants negligence and gross negligence was a proximate cause of the collision, the injuries of Angelia Courtney, and the Plaintiff's damages.

## VI.

## PLAINTIFF'S DAMAGES

6.1    As a producing, direct and proximate result of the accident and injuries for which Defendants are liable, Plaintiff seeks and is entitled to the following damages:

a.    Personal Injury Damages

    1.  physical pain and mental anguish in the past and future;

    2.  loss of earning capacity in the past and future;

    3.  loss of wages and earnings in the past and future;

    4.  disfigurement in the past and future;

    5.  physical impairment in the past and future;

    6.  medical care in the past and future;

    7.  Loss of services; and

    8.  Loss consortium;

b.    Exemplary Damages

6.2    The damages sought herein are far in excess of the $75,000.00 jurisdictional limits of the federal courts.

## VII.

## EXEMPLARY DAMAGES

7.1    As a result of the gross negligence of Defendants, they should have exemplary damages assessed against them in such an amount as the jury may find appropriate.

7.2    Such gross negligence was a proximate cause of the subject incident, the severe and permanently disabling injuries and damages of Plaintiff, which are in an amount far in excess of the $75,000.00 jurisdictional limits of the federal courts.

## VIII.

## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

8.1    Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## IX.

## JURY DEMAND

9.1     Plaintiffs demand a trial by jury and tender the appropriate fee.

## X.

## CONDITIONS PRECEDENT

10.1    All conditions precedent to Plaintiffs' rights to recover herein, and to Defendants' liability have been performed or have occurred.

## PRAYER

WHEREFORE, Plaintiff prays that this cause be set for trial before a jury, that she recover judgment of and from the Defendants for her actual damages in such amount as the evidence may show and the jury may determine to be proper, exemplary or punitive damages in such amount as the evidence may show and the jury may determine to be proper, pre-judgment interest, post-judgment interest, costs of court, and such other and further relief, general or special, legal or equitable, to which she may show herself to be justly entitled.

Respectfully submitted,

Sico, White, Hoelscher & Braugh, LLP
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
(361) 653-3300 Telephone
(361) 653-3333 Telecopier


By:     _/s/ David T. Bright_____
David T. Bright
State Bar No. 02991490
Federal Bar No. 8628

ATTORNEY FOR PLAINTIFF